UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **JAMES M. MILLER**<br>    **LA. DOC # 117891**<br>    **FED. REG. NO. 26478-034**<br>**VS.**<br><br>**WARDEN, J.B. EVANS**<br>**CORRECTIONS CENTER** | **CIVIL ACTION NO. 10-1040**<br><br>**SECTION P**<br><br><br>**JUDGE DOHERTY**<br><br>**MAGISTRATE JUDGE HANNA** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner James M. Miller filed the instant petition for writ of *habeas corpus* in the United States District Court for the Eastern District of Louisiana on October 19, 2009. Petitioner, an inmate in the custody of the Louisiana Department of Public Safety and Corrections, was, when suit was filed, incarcerated in the J.B. Evans Corrections Center (JBECC), Newellton, Louisiana. Petitioner utilized the form provided to federal prisoners attacking their convictions and sentences by way of a Motion to Vacate as authorized by 28 U.S.C. §2255; however, since petitioner was attacking the manner in which his sentence was being served, United States District Judge Stanwood R. Duval, Jr., construed the pleading as a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 and, since petitioner was incarcerated in the Western District of Louisiana, the action was transferred to this court on June 18, 2010. [Doc. #6]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that this petition for habeas corpus be **DISMISSED WITH PREJUDICE.**

*Background*

Petitioner was indicted and charged with 3 counts of distribution of cocaine base in the United States District Court for the Eastern District of Louisiana. On June 16, 1999 petitioner pled guilty to one count and on April 19, 2000 he was sentenced to serve 100 months in prison with a 5 year term of supervised release upon the completion of the prison sentence. *United States v. James Miller*, No. 2:99-cv-00126 at Docs. #1 (indictment), #12-14 (plea), and #31-33 (sentencing).

Petitioner served his sentence and was released from custody on October 11, 2005. [*Id.*, Doc. #42] On December 28, 2006 he was arrested and charged with distribution of heroin and cocaine by the St. Tammany Parish Sheriff's Office. [*Id.*] On July 16, 2007 he was convicted in the Twenty-Second Judicial District and ordered to serve 12 ½ years at hard labor. On August 22, 2007 petitioner's supervised release was revoked and he was ordered to serve 12 months imprisonment in the custody of the United States Bureau of Prisons (BOP) "... to run consecutive to any sentence the defendant is currently serving." [*Id.*, Doc. #48]

Petitioner apparently began serving his sentence in the St. Tammany Parish Jail (STPJ). On July 19, 2007 the United States Marshal advised the STPJ that petitioner was a federal inmate and therefore belonged on STPJ's federal tier. However, on May 21, 2008, upon discovering the mistake, the Marshal advised that petitioner would not enter federal custody until he completed his Louisiana sentence. Petitioner is currently serving the Louisiana sentence. [Doc. 1, p. 13] Petitioner was not allowed to be a trustee because of the federal detainer. On April 7, 2008 petitioner again complained that he was serving his federal sentence, however STPJ officials advised him, "You are serving your 12 year DOC sentence then Feds will come get you to serve the 1 yr Fed sentence which will run consecutive to your DOC time." [Id., p. 20]

When this suit was filed petitioner was incarcerated at the JBECC in Newellton, Louisiana; he was subsequently transferred to the Pine Prairie Corrections Center (PPCC). Although the petitioner neglected to provide the court with his current address in accordance with the local rules, he has since been transferred to the Caldwell Corrections Center, Grayson, Louisiana where he remains incarcerated to date.

*Law and Analysis*

Venue and jurisdiction attach at the time of filing. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998) ("[J]urisdictional facts must be judged as of the time the complaint is filed[.]"); *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir.1985) ( "It is well established that jurisdiction attaches on the initial filing for *habeas corpus* relief[.]"). As noted above, petitioner was incarcerated at the JBECC when suit was filed; that facility is located within this judicial district , therefore, this Court has jurisdiction over petitioner's *habeas* petition.

As noted by Judge Duval, a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is the correct mechanism for challenging the manner in which a sentence is executed. See *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir.2001).  Nevertheless, petitioner is not entitled to *habeas corpus* relief unless he can demonstrate that "... [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

For offenses committed after November 1, 1987, federal sentence computation is governed by 18 U.S.C. §3585. *United States v. Wilson*, 503 U.S. 329, 332 (1992). That statute, entitled "Calculation of a term of imprisonment," provides in pertinent part:

> (b) Credit for prior custody. <u>A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences</u>

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

<u>that has not been credited against another sentence.</u> (Emphasis supplied)

Under the plain language of the above cited statute, petitioner cannot obtain credit against his federal sentence for the time he served in state custody because he is already receiving that benefit with respect to his Louisiana sentence. *Wilson*, 503 U.S. at 337 (stating that Congress made clear in § 3585(b) that "a defendant could not receive double credit for his detention time").

Finally, petitioner is not entitled to any consideration should he request a *nunc pro tunc* designation pursuant to *Barden v. Keohane*. Pursuant to *Barden v. Keohane*, 921 F.2d 476 (3d. Cir.1990), the BOP considers an inmate's request for credit as a request for a retroactive designation of the state prison as a federal prison for purposes of sentence computation. However, the issue can arise only in those instances where the federal judgment is silent or otherwise ambiguous as to whether the federal sentence should be served consecutively or concurrently with the state sentence. Compare *McCarthy v. Doe*, 146 f.3d 118 (2nd Cir. 1998); *Rogers v. United States*, 180 F.3d 349, 356 (1st Cir. 1999)(The Bureau of Prisons may make such a designation in *nunc pro tunc* fashion <u>where the federal sentencing court is silent as to whether a federal sentence should run concurrently with "a not-yet-imposed state sentence."</u>).

Here, there was no ambiguity. The federal sentence was not silent on the issue. Judge Duval specified that petitioner's sentence be served **CONSECUTIVE** to the Louisiana sentence.

### *Conclusion and Recommendation*

In short, petitioner has not shown that he is in custody in violation of the Constitution and

laws of the United States and therefore his petition for *habeas corpus* must be dismissed for failing to state a claim for which relief may be granted. Therefore,

**IT IS RECOMMENDED THAT** petitioner's Application for Federal Writ of *Habeas Corpus* Under 28 U.S.C. §2241 be **DISMISSED WITH PREJUDICE**.

**IT IS ORDERED** that the petitioner be served with this report and recommendation at Caldwell Detention Center, 701 Highway 845, Grayson, La, 71435 and that the docket sheet be updated with his new address.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Lafayette, Louisiana, August 12, 2010.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)